J-A11041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DENNIS PAUL HUDGENS :
:
Appellant : No. 576 WDA 2020

Appeal from the Judgment of Sentence Entered November 19, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000032-2019

BEFORE: McLAUGHLIN, J., KING, J., and McCAFFERY, J.

DISSENTING MEMORANDUM STATEMENT BY McLAUGHLIN, J.:

**FILED: DECEMBER 15, 2021**

I respectfully dissent. I believe that the trial court did not abuse its discretion when it denied Hudgens' motion to suppress the results of the search he underwent pursuant to the "all persons present" warrant. Unlike the Majority, I would find that the warrant was valid and therefore, the search did not violate Hudgens' constitutional rights. Hence, I would affirm the trial court's denial of Hudgens' motion to suppress. Accordingly, I respectfully dissent.

This Court set forth Pennsylvania's well-established law concerning "all persons present" warrants in **Commonwealth v. Hawkins**, 880 A.2d 678 (Pa.Super. 2005). There we held that although "all persons present" warrants are generally disfavored, they are constitutional if based on a sufficient nexus

between the person to be searched, the location, and the original activity suspected. *See id.* at 680.

I believe that the Majority has expanded the requirements necessary for issuance and approval of an all persons present warrant. Pennsylvania law does not require a finding that the illegal activity so permeate the location that persons not involved would find it noxious to linger there, *see* Maj. Mem. at 15, nor even that the location be dedicated to the illegal activity, *see id.* at 16.

Presently, the court found that a sufficient nexus existed between the people present in the residence, the IP address (related to the residence) from which child sexual abuse images were disseminated, and the crimes related to sexual abuse of children. The affidavit of probable cause explained that a computer at the residence was used for sharing images of child sexual abuse through a file sharing network. The court noted that the crimes suspected involved digital images, therefore, any person present could easily hide media storage devices and walk with the evidence, thus establishing a sufficient nexus between the people present, the location, and the crime suspected. *See Hawkins*, 880 A.2d at 680.

In my view, given our standard of review, I would conclude that the trial court did not abuse its discretion in denying Hudgens' suppression motion. As such, I would affirm the trial court's order. Accordingly, I respectfully dissent.